RECEIVED
IN LAKE CHARLES, LA.

JAN 26 2012

TONY R. MOORE, CLERK
BY_____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10 CR 00291 |
| VS. | : | JUDGE MINALDI |
| CASSETTI BROWN | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's Motion for Reconsideration [Rec. Doc. 116] of a previously requested Rule 29 judgment of acquittal or, alternatively, a motion for a new trial. This motion has been opposed by the government. [Rec. Doc. 117].

### SYNOPSIS OF EVIDENCE INTRODUCED AT TRIAL

Cassetti Brown ("Brown") was arrested by Officer Bryan Somers of the Leesville Police Department on August 11, 2010, following a traffic stop of Brown's 1986 Jeep Grand Cherokee for failure to yield. During the traffic stop Brown granted consent to search[1] and a small blue ziplock plastic bag containing suspected cocaine base (.7 grams) was found on floor near driver's seat. Brown was also found to have a homemade knife or "shank" in his waistband. When Brown and his female passenger, Tawanna Cole ("Cole") were extracted from the police vehicle for booking, marijuana and rolling papers were recovered from beneath the rear seat. Brown asserted he had loaned the vehicle to a friend and that nothing in the vehicle was his. Officers Joshua Martin and Dakota Cryer participated in this part of the investigation and testified at trial.

---

[1] Brown denies ever giving consent to search. This was argued in a motion to suppress that was denied by the court.

Charlie Lopez, then a narcotics detective with the Leesville Police Department, the next day applied for and was issued a state search warrant to search Brown's 1986 Jeep Grand Cherokee and his residence at 1729 Nona Street. Officer Gary Scott assisted Lopez in preparing the search warrant and application (and then went to 1729 Nona Street). Prior to and in anticipation of the issuance of the state search warrant, Officers Landon Dowdin and Jeremy Swisher went to and secured the residence, extracting the defendant's brother, Heggie Reynolds. Reynolds consented to a sweep of the residence to ascertain if any other persons were inside. During the execution of the search warrant of the residence Officer Jeremy Swisher found a paper bag containing 90.6 grams of suspected cocaine base in the trash can in the defendant's bedroom, some of which had been packaged into eighteen (18) smaller blue ziplock baggies.

## Argument

The defendant argues that there are discrepancies in the time line presented at trial and radio logs[2] indicate that law enforcement actually searched Mr. Brown's residence at or around 11:17 a.m. on August 12, 2010 , before Lopez obtained a search warrant for the premises.

The search of the residence yielded 80 grams of cocaine. The defendant argues that, because of alleged discrepancies in the time line for obtaining the search warrant, he was convicted based upon tainted evidence.  Brown asserts that he should be granted a new trial.

## Law and Analysis

---

[2] The Radio Logs in evidence reflect the following:
a. Officer Dowden and Officer Swisher arrived at the Nola St. address at 10:59 a.m.
b. Officer Bailey arrived at 11:04.
c. Investigator John Simms arrived at 11:17.
d. The logs do not state when Gary Scott arrived but he testified it was after all of the other officers arrived but before drugs were allegedly located.

Acquittal

F.R. Civ. P. 29(a) says, "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In this case, Brown moved the district court for judgment of acquittal at the close of the government's case. This motion was denied. Brown is now reurging that motion.

A Rule 29(a) motion for a judgment of acquittal is a challenge to the sufficiency of the evidence to sustain a conviction. *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007). When the defendant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See also United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir.) (applying *Jackson*), *cert. denied*, 546 U.S. 1024, 126 S.Ct. 672, 163 L.Ed.2d 541 (2005). The evidence presented must allow the jury "to find every element of the offense beyond a reasonable doubt." *United States v. Redd*, 355 F.3d 866, 872 (5th Cir.2003) (internal quotation omitted).

To convict a defendant of possession of a controlled substance with intent to distribute, the government must present sufficient evidence that the defendant: knowingly possessed a controlled substance; that the substance was in fact cocaine base or "crack"; that the defendant possessed the substance with the intent to distribute it; and that the quantity of the marihuana possessed was twenty-eight grams or more of a mixture or substance containing a detectable quantity of cocaine base or "crack."

In his motion, Brown argues that there was an inconsistency between the times reflected in the Leesville Police Department radio dispatch logs (provided by the government to the defense in discovery), the time the state search warrant was issued and the sequence of events recited by the Leesville Police officers. The defense is asserting that the verdict is inconsistent with the evidence presented at trial, but the jury found otherwise beyond a reasonable doubt.

"[V]iewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict," *United States v. Burns*, 162 F.3d at 847 (internal quotation marks omitted), a reasonable trier of fact could conclude that the government established the elements of the offense beyond a reasonable doubt. Accordingly, this court finds that the government presented sufficient evidence upon which to base a denial of Brown's Rule 29 motion for judgment of acquittal.

New Trial

A court "may vacate any judgment and grant a new trial if the interest of justice so requires. Fed R.Crim. P. 33(a). A new trial should not be granted "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir.2004) (citation omitted). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *Id.* (citation omitted).

Brown contends that the jury verdict is manifestly unjust because he is innocent. Brown argues that an examination of the totality of the evidence establishes that there is no explanation for the time line presented at trial. He asserts that law enforcement searched Brown's residence at or around 11:17 a.m. on August 12, 2010 and Lopez *then* obtained a search warrant for the premises. Brown argues that the search, which produced the cocaine, preceded that issuance of the search

warrant, therefore the evidence is tainted and he should be granted a new trial.

The government argues that the jury found the testimony of the Leesville Police officers, including Charlie Lopez (who subsequent to the investigation was convicted of a federal drug offenses), to be credible and chose to believe their testimony despite impeachment by the defense relating to the radio dispatch log and other perceived deficiencies. The government further argues that the defense's allegations that the verdict is contrary to the weight of the evidence are premised on an assumption that no trier of fact could have believed the testimony of the Leesville Police officers in light of the times on radio dispatch logs. However, the officers were entirely consistent in their recitation of the sequence of events leading up to and during the execution of the state search warrant at the defendant's residence.

In considering a motion for new trial, "[t]he trial judge may weigh the evidence and may assess the credibility of the witnesses." *Tibbs v. Florida*, 457 U.S. 31, 37-38, 102 S.Ct. 2211, 2215-16, 72 L.Ed.2d 652 (1982) (distinguishing between a motion for new trial and judgment of acquittal and stating "the due process clause ... sets a lower limit on the appellate court's definition of evidentiary sufficiency").

A review of the record in this case satisfies the court that the evidence was sufficient to support the conviction of the defendant and the verdict is not contrary to the weight of the evidence. Accordingly, the defendant's motion for a new trial will be denied.

Lake Charles, Louisiana, this _26_ day of January, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE