RECEIVED
IN LAKE CHARLES, LA
FEB 24 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10 CR 00291-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CASSETTI DEWAYNE BROWN | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court are objections filed by the defendant to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to ¶14 of the PSR which enhances his base offense level two levels because of the shank in his waistband. The defendant argues that he had a minuscule amount of cocaine in his possession at the time the shank was discovered. The remainder of the cocaine was found in his home. There were no dangerous weapons in the home. Therefore, the defendant argues that this enhancement should not apply.

Probation responds that the guidelines do not require a certain amount of drugs to be located with the weapon for the enhancement to apply.

§2D1.1(b)(1) provides that the defendant's offense level should be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The application notes to § 2D1.1 explain that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and that it "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1 cmt. n. 3. Possession can be

proven by showing that the defendant personally possessed the weapon, i.e., "showing a temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant." *United States v. Zapata–Lara,* 615 F.3d 388, 390 (5th Cir.2010) (quotation marks and citation omitted); *United States v. Cruz,* 2011 WL 6792773, 2 ( 5th Cir. 2011).

In the case at bar, the defendant had possession of a shank. Drugs were found in the car. The subsequent search of his residence produced more crack cocaine packaged in a similar way. This information would indicate that this was ongoing criminal conduct, as suggested by Probation. Regardless, the weapon was found in the defendant's possession while he possessed drugs. This is sufficient to justify this enhancement. Accordingly, the defendant's objection IS OVERRULED.

Lake Charles, Louisiana, this 23 day of February, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE